(No. 2606—

DEAN L. RIDER, M. D., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*

O'BRIEN & HANRAHAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant alleges that on December 7, 1934 he was driving an automobile then owned by him in a westerly direction on 67th Street in Chicago then and there being in the exercise of ordinary care for the safety of himself and property; that an agent or servant of the respondent was then and there operating a motor truck owned by the State of Illinois bearing License Number 1164M—1934; that the driver of said truck failed to stop at a stop signal located at the intersection of 67th Street and Crawford Avenue and that as a result of the negligent and careless operation of said motor truck same collided with claimant's automobile and the latter was damaged to the extent of One Hundred Nineteen Dollars ($119.00).

A motion to dismiss the claim has been filed by the Attorney General on behalf of respondent for the reason that the damage, if any, is alleged to have been by reason of the negligence of the servant or agent of respondent, for which the State cannot legally be asked to respond for the reason that the State is not liable under the doctrine of respondeat superior for the negligence or torts of its servants.

As suggested by the Attorney General:

"The rule is universal that the State is not liable for the negligence of its agents and employees, unless there is a statute making it so liable and in this State there is no such statute, and, unless a claimant can show a legal or equitable liability on the part of the State for damages sustained as a result of the negligence of its employee or agent, the court has no authority to make an award."

*Derby* vs. *State*, 7 C. C. R. 145.

The position of the court upon claims so made has been repeatedly set forth in decisions to be found in Volume 8 of the Court of Claims Reports and is further stated in *Crabtree* vs. *State,* 7 C. C. R. at Page 219, where it is stated:

"Before a claimant can have an award against the State, he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point out any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one. Equity is not the court's sense of moral right; it is not the power of the court to decide a case according to the high standard of abstract right, regardless of the law. * * *

"To give this statute the construction contended for by claimant would result in giving this court power to hold the State liable for the misfeasance and malfeasance of all its officers, the torts of all its servants and agents, and all damages caused by the wrongful exercise of their powers by such officers and agents. We do not believe the Legislature intended any such radical and far-reaching change in the law when it enacted the statute creating this court."

No award could properly be made by the court under the statements contained in the complaint, and the motion by the Attorney General to dismiss is therefore allowed and the claim dismissed.